**THE MACCABEES, Plaintiff,**

v.

**Virginia AXELRAD, Louisa Tsurikov, also known as Louise Tsuricov, Frank G. Wittenberg as Executor of the Last Will and Testament of Margaret Axelrad, deceased, Gertrude May as Guardian of Dorothy Axelrad, and Long Island National Bank of Hicksville, Defendants.**

**Civ. No. 17959.**

United States District Court
E. D. New York.

Oct. 9, 1959.

David I. Rosenblum, New York City, for plaintiff.

Edward J. Neary, Mineola, N. Y., for defendant, Virginia Axelrad, Kendrick C. Smith, Farmingdale, N. Y., of counsel.

Carl A. & Melvin J. Espach, Hempstead, N. Y., for defendant, Louisa Tsurikov, Carl A. Espach, Hempstead, N. Y., of counsel.

Katz, Wittenberg & Katz, New York City, for defendant Frank G. Wittenberg as executor of Margaret Axelrad, deceased.

Chester A. Lessler, New York City, for defendant Gertrude May as guardian of Dorothy Axelrad.

Charles R. Carroll, Hicksville, N. Y., for defendant, Long Island Nat. Bank of Hicksville.

BRUCHHAUSEN, Chief Judge.

The question for decision concerns the liability of Virginia Axelrad on certain notes to Margaret and Dorothy Axelrad.

The action of interpleader was brought by the Maccabees to ascertain the parties entitled to the proceeds of two insurance policies. By decision of this Court, dated August 21, 1959, the named beneficiary of policy No. 1735–002 was determined to be Virginia Axelrad and on policy No. 1735–003, Dorothy and Margaret Axelrad.

The decedent, John Axelrad, and his wife Virginia executed notes to Long Island National Bank in the amount of $5,645.84 and pledged policies 002 and 003 as security. On the death of John Axelrad the bank elected to satisfy its loan entirely from policy 003 in which the beneficiaries are Margaret and Dorothy Axelrad.

Dorothy and Margaret Axelrad now seek to recover that amount from Virginia Axelrad alleging that they are subrogated to the interest of the bank and may proceed against Virginia Axelrad as co-signor and primary obligor on the notes.

Whether a changed beneficiary may be subrogated to the right of the bank depends on the intent of the testator. Walzer v. Walzer, 3 N.Y.2d 8, 163 N.Y.S. 2d 632, 143 N.E.2d 361. If the testator intended to make the new beneficiary merely a secondary beneficiary while the bank became the primary beneficiary then there would be no right of subrogation. If the policies were assigned to the bank solely as collateral security then the change in beneficiary would not void the right to subrogation. Walzer v. Walzer, supra.

It does not appear that the papers executed by the testator were intended to alter the status of the beneficiaries. Nowhere is the bank transformed from a security holder to a primary beneficiary. Therefore the rights of the parties were not altered by the loan agreement and Margaret and Dorothy Axelrad should recover from Virginia Axelrad.

The portion of the Agreement Regarding Life Insurance relied upon by Virginia Axelrad withdraws both the right to contribution or reimbursement from any party and the right to be subrogated to the rights of the Bank in any other collateral. Margaret and Dorothy Axelrad seek neither contribution or reimbursement nor subrogation to any other collateral. They are seeking subrogation to the bank's right against this insurance policy and not to other collateral. Therefore this section is not a bar to their claim.

I hold that Virginia Axelrad is liable to Margaret and Dorothy Axelrad in the amount deducted from policy 003. The attorney for the guardian of Dorothy Axelrad is allowed a fee of $1,000 and disbursements of $15.

Settle order on notice.